IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICKY ALLAN DYER, individually, and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>STATE OF INDIANA; INDIANA DEPARTMENT OF CHILD SERVICES; ADAMS COUNTY; JEAN NEWTON; GRACE BAUMGARTNER; JEFFREY McDONOUGH; MARY SCHEUMANN,<br><br>        Defendants.<br>_____ | CIV. NO. 10-00115 JMS/KSC<br><br>ORDER (1) GRANTING DEFENDANT ADAMS COUNTY'S MOTION TO DISMISS AND (2) GRANTING DEFENDANTS STATE OF INDIANA, INDIANA DEPARTMENT OF CHILD SERVICES, JEAN NEWTON, JEFFREY MCDONOUGH, AND GRACE BAUMGARTNER'S MOTION TO DISMISS |

**ORDER (1) GRANTING DEFENDANT ADAMS COUNTY'S MOTION TO DISMISS AND (2) GRANTING DEFENDANTS STATE OF INDIANA, INDIANA DEPARTMENT OF CHILD SERVICES, JEAN NEWTON, JEFFREY MCDONOUGH, AND GRACE BAUMGARTNER'S MOTION TO DISMISS**

**I. INTRODUCTION**

On March 3, 2010, Plaintiff Ricky Allan Dyer ("Plaintiff") filed a Complaint in this court alleging that Defendants State of Indiana, Indiana Department of Child Services, Adams County, Jean Newton, Grace Baumgartner, Jeffrey McDonough, and Mary Scheumann (collectively "Defendants") caused

Plaintiff and others similarly situated "grievous and irreparable losses" due to Defendants' "continuing unlawful deprivations of relationships with their minor children, unlawful deprivations of their property, disparate taxation in general, aberrant treatment in regards to the opportunity of either state or federal tax credits, and willful, reckless, and/or grossly negligent mismanagement of the common good by the State of Indiana." Compl. D ¶ 21.

Now before the court are Adams County's Motion to Dismiss ("Adams County's Motion") and Defendants State of Indiana, Indiana Department of Child Services, Newton, Baumgartner, and McDonough's Motion to Dismiss ("Indiana's Motion). In both Motions, Adams County, the State of Indiana, Indiana Department of Child Services, Newton, Baumgartner, and McDonough (collectively, "Moving Defendants") contend that the court lacks personal jurisdiction over Moving Defendants. Moving Defendants further contend that the court lacks subject matter jurisdiction, venue in this court is improper, and that Plaintiffs' federal claims are barred by sovereign immunity. The court finds that it lacks personal jurisdiction over Moving Defendants and, for the following reasons, GRANTS Adams County's Motion and GRANTS Indiana's Motion.

///

///

## II.  BACKGROUND

**A.     Factual Background**

Plaintiff alleges that he is a Hawaii resident, Compl. ¶ 13, but provides only an Indiana address and Indiana phone number as his contact information.  Plaintiff purports to represent a class of "all persons so similarly situated" *id*. at 1, which apparently includes "noncustodial parents."  *Id*. ¶ 15.

Although other Defendants are listed in the caption, the Complaint addresses Indiana as the sole Defendant.  Compl. ¶¶ 12, 17.  As Defendants point out, "[t]here are no facts, just a series of claims."  Ind. Mot. to Dismiss 6.  The fifty-four page Complaint alleges that the State of Indiana violates the federal constitutional rights of noncustodial parents and disputes the legality of Indiana's laws and actions concerning child custody, child support, and marital dissolution.  Plaintiff alleges no facts connecting these broad allegations to his own experiences -- the Complaint contains no information about any injuries suffered by Plaintiff.

**B.     Procedural Background**

On March 3, 2010, Plaintiff filed the Complaint.  On April 29, 2010, Adams County filed its Motion.  On May 3, 2010, Indiana, Indiana Department of Child Services, Newton, Baumgartner, and McDonough filed Indiana's Motion.  Plaintiff filed no Oppositions.  A hearing was held on July 6, 2010.

### III.  **STANDARD OF REVIEW**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Dole Foods Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "However, this showing requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)).  While the plaintiff cannot "simply rest on the bare allegations of its complaint . . . , uncontroverted allegations in the complaint must be taken as true," and all disputed facts must be resolved in favor of the plaintiff. *Id.* (citation and quotation signals omitted).

### IV.  **DISCUSSION**

Moving Defendants contend that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(2) because the court lacks personal jurisdiction over Moving Defendants.  The court agrees and, as a result, does not reach Moving Defendants' additional arguments for dismissal.

///

///

### A. Personal Jurisdiction Legal Framework

The general rule is that personal jurisdiction over an out-of-state defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996). Hawaii's long-arm statute, Hawaii Revised Statutes ("HRS") § 634-35, reaches to the full extent permitted by the Constitution. *Cowan v. First Ins. Co.*, 61 Haw. 644, 649 n.4, 608 P.2d 394, 399 n.4 (1980). Thus, this court need only decide whether federal constitutional due process principles permit the exercise of personal jurisdiction over Defendants. *See Schwarzenegger*, 374 F.3d at 801.

For due process to be satisfied, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Where a defendant has substantial, continuous, and systematic contacts with the forum state, the forum has general jurisdiction over the defendant, even if the case is unrelated to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). If general jurisdiction does not apply, "a forum may exercise only 'specific' jurisdiction -- that is, jurisdiction based on the relationship between the defendant's

forum contacts and plaintiff's claims." *Menken*, 503 F.3d at 1057. Under the Ninth Circuit's three-part inquiry, "minimum contacts" are established for specific jurisdiction when:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

The first minimum contacts prong -- purposeful availment -- "may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc). To analyze purposeful availment in a specific jurisdiction inquiry, the court must "consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts." *Menken*, 503 F.3d at 1058. The second prong -- forum-related conduct -- requires the plaintiff to show that he would not have suffered injury "but for" the defendant's forum-related conduct. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). Finally, the third prong -- reasonableness -- requires

balancing seven factors:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Menken v. Emm*, 503 F.3d at 1060 (citation omitted).

The plaintiff bears the burden of satisfying the first two requirements of the specific jurisdiction inquiry. *Schwarzenegger*, 374 F.3d at 801-02 (citation omitted). "If the plaintiff fails to satisfy either of these, personal jurisdiction is not established in the forum state." *Menken*, 503 F.3d at 1057 (citation and quotation omitted). If the plaintiff succeeds, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (citation and quotation signals omitted).

### B.     Personal Jurisdiction Application

Because Plaintiff failed to file any opposition to Defendants' Motions, the court focuses on the allegations set forth in the Complaint. Plaintiff's claims are based on the child custody, child support, and marital dissolution policies of the

State of Indiana.  The Complaint contains no allegations that any Defendant had the substantial, continuous, and systematic contacts with this forum necessary to establish general jurisdiction.  As for establishing specific jurisdiction, the Complaint fails to establish that any Defendant had the necessary minimum contacts with this forum.  Plaintiff does not allege that Defendants either availed themselves of the privilege of doing business in the forum or purposefully directed activities at the forum.  Plaintiff also does not allege that he would not have suffered an injury "but for" forum-related conduct committed by any Defendant.  Plaintiff thus fails to establish both the first and second prongs of the minimum contacts inquiry.  Accordingly, the court finds that Plaintiff has not carried his burden to show that due process permits the exercise of personal jurisdiction over Defendants.

Even if Plaintiff had met his burden under the first two requirements, however, the exercise of jurisdiction by this court is not reasonable.  Balancing all of the reasonableness factors in *Menken*, 503 F.3d at 1060, the court finds that none of the factors favors Plaintiff.

In sum, the court finds that it does not have personal jurisdiction over Moving Defendants.

**C.    Transfer**

Pursuant to 28 U.S.C. § 1631, if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed[.]"  A § 1631 transfer is appropriate if "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001).  "When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Id*.  "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (internal quotation and citation omitted).

As discussed above, the court lacks personal jurisdiction over Moving Defendants.  The Northern District of Indiana could have exercised jurisdiction had this action been filed there because Plaintiff raises federal claims and Plaintiff and Defendants are all located in Indiana.  The interests of justice do not favor a

```
```

transfer, however, because a transfer is likely only to result in additional expenses and delay.  Even if the court transfers the case, the Complaint fails to state a claim upon which relief can be granted -- the Complaint contains no allegations against any Defendant except the State of Indiana,[1] and as to Indiana, the Complaint still contains no allegations concerning an injury suffered by Plaintiff.[2]  Further, Plaintiff's failure to oppose either Adams County's Motion or Indiana's Motion suggests that Plaintiff did not file this action in good faith or does not intend to pursue his claims.  As a result, the court finds that the interests of justice do not favor transfer.

///

///

///

///

///

///

---

[1] Thus, Plaintiff fails to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" against Indiana Department of Child Services, Adams County, Newton, Baumgartner, McDonough, or Mary Scheumann.  Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] Plaintiff's claims against the State of Indiana also appear to be barred by sovereign immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman,*, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

## V. <u>CONCLUSION</u>

Based on the above, the court GRANTS Adams County's Motion and Indiana's Motion.  The court DISMISSES Adams County, the State of Indiana, Indiana Department of Child Services, Newton, Baumgartner, and McDonough from this action for lack of personal jurisdiction.  As a result of this Order, only Plaintiff's claims against Schuemann remain.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 7, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Dyer v. State of Indiana et al.*, Civ. No. 10-00115 JMS/KSC, Order (1) Granting Defendant Adams County's Motion to Dismiss and (2) Granting Defendants State of Indiana, Indiana Department of Child Services, Jean Newton, Jeffrey McDonough, and Grace Baumgartner's Motion to Dismiss